THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JEREMY BRYAN BARNEY,<br><br>               Plaintiff,<br><br>v.<br><br>UTAH BD. OF PARDONS & PAROLE et al.,<br><br>               Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 4:24-CV-69-DN<br><br>District Judge David Nuffer |

      Plaintiff, inmate Jeremy Bryan Barney, held at Central Utah Correctional Facility, filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2025). (ECF No. 1.) After screening Plaintiff's original complaint (OC), the Court ordered him to cure its deficiencies. (ECF Nos. 1, 13.) In that Cure Order (CO), the Court gave specific guidance on deficiencies, along with other details to help Plaintiff file an amended complaint with valid claims if possible. (ECF No. 13.)

      Plaintiff filed an amended complaint (AC). (ECF No. 16.) The AC retains many of the flaws flagged in the CO. (ECF Nos. 13, 16.) The AC names the following defendants: Utah Board of Parole and Pardons (UBOP); J. Scott Stephenson, UBOP chairman; and Sharla Huff, UBOP representative. (ECF No. 16.) Plaintiff alleges he was assaulted, received a "Bi-Polar Diagnosis"; and had five "suicide attempts." (*Id.*) The AC mentions the following possible terms or claims: discrimination; the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12101-12213 (2025); and the "Federal Tort Act" (perhaps Plaintiff means the Federal Tort Claims Act (FTCA), 28 *id.* § 1346(b). (ECF No. 16.)

Having now thoroughly screened and liberally construed[1] the AC under its statutory review function,[2] the Court dismisses this action.

## I. ANALYSIS

### A. Standard of Review for *Sua Sponte* Dismissals

Assessing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when--though the facts are viewed in the plaintiff's favor-- the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550

---

[1]The Court recognizes Plaintiff's *pro se* status, and so construes his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Still, such liberal reading is meant merely to overlook technical formatting errors and other similar defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not excuse Plaintiff from the duty to meet various rules and procedures directing litigants and counsel or the mandates of substantive law; regarding these, the Court will treat Plaintiff with the same standards applicable to counsel licensed to practice law before this Court's bar. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[2]The screening statute reads:
> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2025).

2

U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). "[T]he complaint must contain something more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" *Eaves v. Kory*, No. 24-1048, 2024 U.S. App. LEXIS 12964, at *2-3 (10th Cir. May 30, 2024) (unpublished) (quoting *Iqbal*, 556 U.S. at 678). Also, "[f]acts, not conclusions, must be pleaded--'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' including where a 'legal conclusion [is] couched as a factual allegation.'" *Renaud v. Ross*, No. 1:22-CV-212, 2023 U.S. Dist. LEXIS 19808, at *8 (D. Wy. Jan. 27, 2023) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

The facts stated in each of the following sections are taken from the AC's allegations, viewed in a light most favorable to Plaintiff, and taken as true for this Order only.

**B. Claims Lack Adequate Allegations of Personal Participation and Factual Support**

After Plaintiff lists UBOP, Stephenson, and Huff as defendants at the beginning of the AC, their names never appear again. (ECF No. 16.) So, where Plaintiff uses the bare terms, "discrimination," "Americans With Disabilities Act," "Federal Tort Act" (FTCA), "assault[]," "Bi-Polar Diagnosis," and "suicide attempts," there is no mention of any individual defendant(s)

3

and how their actions may have violated his federal constitutional or statutory rights as to any of these terms. (*Id.*) Indeed, there are no factual allegations, either, to support any of those cryptic terms as causes of action. (*Id.*)

Meanwhile, Plaintiff was notified in the CO that his OC did "not properly affirmatively link an individual named defendant to specific civil rights violations." (ECF No. 13.) He was then given comprehensive detail on what it entails to properly affirmatively link a defendant to specific violations:

> • Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.
> • The complaint must clearly state what each individual defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.
> • Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly Court* was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").
> . . . .
> **Affirmative link**. This tenet requires the following:
> [A] plaintiff who brings a
> constitutional claim under § 1983

4

> can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants-- "despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"-- and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id.* at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the

>   personal-participation requirement will not only justify dismissal
>   for failure to state a claim; it will render the plaintiff's claim
>   frivolous." *Id.*

(ECF No. 13, at 4-6.)

Plaintiff's spare and conclusory allegations do not meet the criteria of which the CO advised Plaintiff. (ECF Nos. 13, 16.) Not one of the vague terms or claims here is linked to an individual defendant. (ECF No. 16.) Though painstakingly alerted to his pleading duties, (ECF No. 13), Plaintiff does not "isolate the allegedly unconstitutional acts of each defendant," (ECF No. 16); thus, regarding the terms or claims he suggests (without specifying supporting allegations), Plaintiff gives inadequate notice of "the nature of the claims against each" defendant. *Robbins*, 519 F.3d at 1250. Indeed, Plaintiff does not heed the Court's direction that a full explanation of the "'who,' 'what,' . . . 'when,' and 'why'" is required, leaving his allegations insufficient to state a claim. (ECF No. 9 (quoting *Robbins*, 519 F.3d at 1248).)

Moreover, Plaintiff's terse, unsupported assertions--of discrimination, ADA and FTCA, and mental-health violations--do not "give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original). The AC does not even have the insufficient "'unadorned, the-defendant-unlawfully-harmed-me accusation[s],'" warned against in *Eaves*, 2024 U.S. App. LEXIS 12964, at *2-3 (quoting *Iqbal*, 556 U.S. at 678), because he does not even try to allege what any defendant might have done to harm him vis-à-vis any of the terms or possible claims he mentions. Without specifying individual defendant's behaviors, Plaintiff says he was harmed but does not provide crucial links between any one defendant and any one allegation or element of unconstitutional treatment. And he does not provide factual details that build toward the support

6

needed for each element of separate causes of action. Indeed, "[f]acts, not conclusions, must be pleaded"; the Court is not required to accept as true "a 'legal conclusion couched as a factual allegation.'" *Renaud*, 2023 U.S. Dist. LEXIS 19808, at *8 (quoting *Iqbal*, 556 U.S. at 678).

In sum, Plaintiff's possible claims are all, fatally, not linked to any specific defendant, despite Plaintiff being thoroughly instructed as to his pleading duties and warned that such omissions would require dismissal. (ECF Nos. 13, 16.) Plaintiff fails to "isolate the allegedly unconstitutional acts of each [potential] defendant"; Plaintiff therefore gives insufficient notice of "the nature of the claims against each" defendant. *Robbins*, 519 F.3d at 1250.

## II. ORDER

For failure to state a claim upon which relief may be granted, **IT IS ORDERED** that Plaintiff's Amended Complaint, (ECF No. 16), is **DISMISSED** with prejudice. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2025). Two iterations of the complaint, (ECF Nos. 1, 16), and a full round of comprehensive guidance on curing deficiencies, (ECF No. 13), have not resulted in an adequate pleading. It is apparent to the Court that further opportunity to amend would not lead to a different result. This action is **CLOSED**.

DATED this 13th day of January, 2026.

BY THE COURT:

_____
JUDGE DAVID NUFFER
United States District Court

7